UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SCOT BRYON CADEAU,

        Plaintiff,

        v.                                  Case No.     22-cv-0505

KILOLO KIJAKAZI,
Acting Commissioner for Social Security Administration,

        Defendant.

---

### ORDER DENYING MOTION FOR RECONSIDERATION

---

      In an Order dated January 12, 2023, the Court directed Plaintiff Scot Cadeau to submit a brief on or before February 17, 2023 that substantially complied with the requirements of the Order Establishing Appeal Procedure (ECF No. 9) or the Court would dismiss his case for failure to prosecute under Fed. R. Civ. P. 41(b). (ECF No. 26.) In that Order, the Court detailed the multiple extensions afforded to Cadeau and noted that to date, Cadeau had failed to set forth any argument for why he was entitled to any relief from the Court. (*Id.*) On February 14, 2023, Cadeau contacted the Clerk's office, corrected his address, and confirmed receipt of the Court's January 12, 2023 Order on that date. Cadeau took no further action and on February 28, 2023, consistent with the Court's prior warning, the Court dismissed Cadeau's case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and Civil L.R. 41(c).

      A district court has the authority under Federal Rule of Civil Procedure 41(b) to enter a *sua sponte* order or dismissal for lack of prosecution. This authority "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962). The court will have acted "reasonably and reversal is warranted . . . only if it plain that the dismissal was a mistake or that the judge did not consider factors essential to the exercise of sound discretion." *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) (internal quotation and citation omitted).

On March 1, 2023, after this case was dismissed and judgment entered, Cadeau filed a two paragraph document entitled "Brief of Scot Cadeau." In this document, Cadeau appears to take issue with a hearing conducted and a decision issued by Administrative Law Judge (ALJ) John Pleuss, the decision not at issue in this appeal of the denial of social security benefits. Cadeau also seeks to have his case heard by a jury. However, when a disability benefits appeal is heard in federal court, a jury is not involved – the court reviews the evidence and the final decision of the agency. Cadeau's two paragraph document is not only untimely, it does not comply with the requirements of the Order Establishing Appeal Procedure (ECF No. 9) and cannot be considered a brief warranting review.

On March 9, 2023, Cadeau filed a motion for reconsideration (ECF No. 30) stating as follows:

> "I had double bypass heart surgery on [October] 11[,] 2022 and was not allowed to stay even after I asked for rehabilitation. Medicare refused. Complications from flying after heart surgery. And you're changing my address, and 8 days for D.H.L. for fastest delivery from Costa Rica. All led to my return Brief you requested being late. Karl dedicated his last part of his life to help me. Perhaps 700 or more hours, to my shame. He was my life partner. I have to go on even though Medical and others tell me to stop, fighting something you can't win. The only way I received any correspondence. Was e-mail 02-14-2023. I believe my only hope was a jury, to find the truth or even read my case and, hear testimonies, something that has never been done."

Under Fed. R. Civ. P. 60(b), the district court "may relieve a party . . . from a final judgment order . . . for the following reasons" including "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence" or "any other reason that justifies relief." The Court has reviewed its Order (ECF No. 27) and Judgment (ECF No. 28) and finds no basis to disturb either. The Court provided Cadeau numerous opportunities to file a proper brief – a brief that complied with the requirements set forth in the Order Establishing Appeal Procedure (ECF No. 9). To date, Cadeau has not done so and instead, invokes a right to a jury trial that does not exist for the denial of social security benefits. Even Cadeau acknowledges that the relief he seeks "has never been done." (ECF No. 30.) In his motion for reconsideration, Cadeau again fails to set forth any argument for why he is entitled to any relief from the Court and does not provide any grounds for the Court to reverse its prior decision.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 30) is **DENIED**.

Dated at Milwaukee, Wisconsin on April 21, 2023.

s/ Brett H. Ludwig  
BRETT H. LUDWIG  
United States District Judge